Chapman v. Windmiller.

## C. B. CHAPMAN

### v.

## JACOB WINDMILLER.

*Sales—Fraudulent Conveyances — Preferences — Notice — Subsequent Sales.*

1. A creditor violates no rule of law in accepting goods in payment of his debt, although he knows that the transfer to himself will defeat other creditors and that his debtor intends to pay him in preference to them. This rule also applies to subsequent sales by the vendee to a third person.

2. In an action to recover the value of goods alleged to have been wrongfully attached and sold as the property of a third person from whom the vendor of the plaintiff derived title, this court reverses the judgment for the plaintiff because of defective and conflicting instructions touching alleged fraud and notice.

[Opinion filed November 23, 1888.]

APPEAL from the Circuit Court of Coles County; the Hon. CHARLES SCOFIELD, Judge, presiding.

Messrs. ASA C. MATTHEWS and ORR & CRAWFORD, for appellant.

Messrs. R. W. MILLS and MORRISON & WHITLOCK, for appellee.

CONGER, J. This was an action by appellant against appellee as sheriff of Pike county. Certain attachment writs had been issued against Mrs. Lizzie Fishel and placed in the hands of appellee as sheriff, by virtue of which he seized and sold the stock of groceries involved in this case. She had been doing a grocery business under the name of Fishel & Co., her husband, Ferdinand Fishel, attending to the business for her.

Lizzie Fishel had previously bought this stock of goods from her brother-in-law, Albert Fishel, to whom she was still indebted for the purchase price, having given her note therefor. This note was in the hands of Annie Fishel, the wife of Albert.

Lizzie Fishel, on the first day of January, 1887, sold, as she claims, the entire stock of goods to her sister-in-law, Annie Fishel, in payment of the said note, and on the same day Annie Fishel, as she claims, sold the same stock to appellant in payment of certain indebtedness owing to appellant and others.

Shortly afterward the goods were seized by the attachment writs issued in favor of various creditors of Lizzie Fishel, sold, and the proceeds applied on such writs, and now appellant seeks to recover their value from the appellee, claiming that the sales made were in good faith and transferred the title of the goods to himself before any lien attached under the attachment writs. The defense is based upon the theory that the sale from Mrs. Lizzie Fishel to Annie Fishel was a mere sham and fraudulent and void as to her creditors, and that appellant had actual knowledge thereof, or of such facts and circumstances as would be equivalent to actual notice, and therefore took no title as against such creditors.

We shall express no opinion upon the facts as presented by the evidence, for the reason that, in our opinion, the instructions given to the jury upon the part of the appellee were clearly erroneous. One of them was as follows:

"That in order to charge a party with notice of the fraudulent purpose or intention of another in the sale of personal property, it is not necessary that such notice should be proven by direct or positive evidence, but such notice may be proven by facts and circumstances. And if in this case they believe from all the evidence in the case that Lizzie Fishel, for the purpose of hindering and delaying her creditors in the collection of their debts, sold the goods in question to Annie Fishel, and that said Annie Fishel had notice of such fraudulent intention, or that she had notice of such facts as would have enabled her to have ascertained said alleged fraudulent intention by inquiries, and such as would have put a reasonable person on inquiry, and it fails to appear in the case that she, Annie Fishel, made any inquiry or investigation as to the purpose or intention of Lizzie Fishel in making said sale, then Annie Fishel would be legally chargeable with notice of such fraud, if any there was, and Annie Fishel, in that event, was not a *bona fide* purchaser of said goods, and acquired no title to the same by said purchase; and if they further find from the evidence that the plaintiff, Chapman, made the purchase of the same goods from Annie Fishel with notice of the fraudulent intent in the first sale, or that Chapman had notice of such facts and circumstances as would put an ordinarily prudent man upon inquiry as to the intention of the vendor in making said sale, and that upon inquiry such fraudulent intent in first sale, if any there was, could have been ascertained, then Chapman is legally chargeable with notice of the fraudulent intention in making said sale, and he acquired no title to said goods as against the creditors of Lizzie Fishel."

This instruction proceeds upon the theory that if the sale was made by Lizzie Fishel "for the purpose of hindering and delaying her creditors in the collection of their debts, and that Annie had notice of such intention, or of facts to put her upon notice, the sale would be void and pass no title as to the

creditors of Lizzie Fishel. By it the jury are virtually told that although Annie Fishel took the goods in payment of an honest debt due her, and for the sole purpose and with the intention alone of securing herself, the sale would still be fraudulent, if she knew or could know that the motives that induced Lizzie to act were fraudulent.

This proposition is followed up by the further one that if appellant, when he bought of Annie, had notice of Lizzie's fraudulent intent in making the first sale, then his purchase from Annie, though made in good faith by both himself and his grantor, and in payment of honest debts, would be void and transfer no title as against the creditors of Lizzie Fishel.

In our opinion, both of these propositions are erroneous. As to the first sale, in order to render it void as to Annie Fishel, she must have participated in the fraud, and intended on her own part to defraud the creditors of Lizzie Fishel.

Although she may have known that Lizzie Fishel intended by the sale to defraud her creditors, she would not be affected by that knowledge if she received the goods in payment of an honest debt.

As to the second sale, any knowledge that appellant may have had of a fraudulent intent upon the part of either Lizzie or Annie Fishel would not affect his title, if in such purchase he took them in payment of an honest debt. Gray v. St. John, 35 Ill. 222; Anderson v. Warner, 5 Ill. App. 420; Dudley v. Danforth, 61 N. Y. 626; Ewing v. Runkle, 20 Ill. 457.

If the creditors of Lizzie Fishel were claiming title to the goods because Lizzie Fishel had fraudulently procured them of such creditors, it would be true that she could transfer no better title than she herself had to one who had notice of her defective title, and in such a case notice to the vendee becomes important; but when, as in the present case, such creditors are seeking to sell the goods in question as the property of Lizzie Fishel, and because, as they assert, she has never legally parted with the title so far as they are concerned, a different question is presented—and that is, that a creditor violates no rule of law when, actuated alone by the natural

desire to protect his own interest, he receives goods in payment of an honest debt, although he may know that the effect of such purchase will be to deprive other creditors of all means of obtaining satisfaction of their claims, and although he may also know that his debtor intends to pay him and thereby defeat his other creditors.    Gray v. St. John, *supra*.

The instructions for the appellant seem to be based upon the theory of the law we have advanced, and had they not been so squarely contradicted by those given for appellee might have been sufficiently clear; but we think the instruction we have quoted was not the law and must have misled the jury, and for that reason we feel constrained to reverse the judgment of the Circuit Court, and remand the cause.

*Reversed and remanded.*